THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY WISE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS, INC., formerly known as GTE, a Delaware Corporation, PLAN FOR GROUP INSURANCE and METROPOLITAN LIFE INSURANCE COMPANY, a foreign insurer licensed to do business in the State of Washington,<br><br>　　　　　Defendants. | No. C08-0409 MJP<br><br>DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>NOTE ON MOTION CALENDAR:<br><br>FRIDAY, JUNE 6, 2008 |

## I.   RELIEF REQUESTED

Defendants Verizon Communications, Inc., Plan for Group Insurance, and Metropolitan Life Insurance Company (collectively "Defendants") move this Court for an order dismissing each of Plaintiff Nancy Wise's ("Plaintiff") four causes of action brought under the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et. seq. and state law. Plaintiff's Complaint fails to state a claim and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's various causes of action are (1) barred by the applicable statute of limitations, (2) barred because Plaintiff has not alleged damage to the plan itself; (3) barred

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 1
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

because ERISA specifies – and limits – the availability of equitable relief; and (4) Plaintiff's state-law claims are preempted by ERISA.

## II.     STATEMENT OF FACTS

Plaintiff was employed by Defendant Verizon Communications, Inc. ("Verizon"), formerly GTE, from 1995 to 1997. Plaintiff resigned in 1997 and was re-employed by Verizon in March 1999. Plaintiff was employed in Verizon's Yellow Pages operation, sometimes referred to as the "Directories" company. E.g., Complaint Exh. 2, p. CF000240 (Exhibit A hereto)[1]. As part of her contract of re-employment, Verizon allegedly agreed to bridge Plaintiff's service back to her original date of hire in 1995. Declaration of Angela Bryan, Complaint Exh. 1, p. 1 (Exhibit B hereto, p. 1). The alleged agreement to bridge Plaintiff's service was memorialized by memo one year later. Complaint, Exh. 2, p. CF 000085, (Exhibit C hereto) (hereafter, the "Bridging Memo")  The Bridging Memo confirmed Plaintiff's adjusted service date of December 19, 1995, a date used to administer her "non-pension benefits, such as vacation eligibility, short-term sickness disability benefits, etc." Id.

Plaintiff's application for long-term disability benefits was originally approved, but later discontinued by Defendant Metropolitan Life Insurance Company ("MetLife")  Id., Complaint, Exh. 2, p. CF 000150; (Exh. D hereto, p. 3). MetLife notified Plaintiff that her LTD benefits were being discontinued by letter dated July 16, 2001. Complaint, p.4, Factual Allegations,¶ 15. Plaintiff's benefits ceased as of August 1, 2001. Complaint, p. 10, Prayer for Relief ¶ 1. Plaintiff thereafter pursued her internal appeals. On March 8, 2002, Verizon's Claims Review

---

[1] All facts necessary for this motion are drawn from Plaintiff's Complaint, or the exhibits attached thereto. Because Plaintiff included approximately 900 pages of exhibits with her Complaint, the few relevant pages will be attached hereto for the convenience of the Court, and referred to in this brief in the order they are attached hereto.

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 2
**Case No. C08-0409 MJP**

1  Committee made its final determination and denied Plaintiff's appeal of the withdrawal of her

2  long-term disability benefits.  Id., p.1.  Verizon promptly communicated its denial to Plaintiff by

3  letter dated March 14, 2002.  Id., pp. 1-5.

4        In November, 2006, Verizon "spun off" its Directories operations into an independent

5  company, Idearc, Inc.[2]  Verizon no longer exercises any ownership or control over Idearc.

6        Plaintiff waited more than six years after her benefits were discontinued to file this action

7  alleging that Defendants improperly denied her long-term disability benefits and seeking the

8  recovery of her benefits dating back to August 1, 2001.  Plaintiff sets forth four causes of action:

9  (1) recovery of employee benefits under ERISA; (2) breach of fiduciary duty under ERISA; (3)

10  equitable relief; and (4) breach of contract, fraud, misrepresentation, negligence, and other

11  unspecified common law and statutory duties.

### III.   ARGUMENT

**A.   Plaintiff's Claims Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

Fed. R. Civ. P. 12(b)(6) provides, *inter alia*, that:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: … (6) failure to state a claim upon which relief can be granted…

Dismissal for failure to state a claim is appropriate if the plaintiff's complaint does not set forth "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

---

[2] "Verizon U.S. yellow pages to go solo as Idearc," Seattle Post-Intelligencer Technology Briefing, October 19, 2006, *available at* http://seattlepi.nwsource.com/business/289208_tbrfs19.html (visited May 14, 2008).  The Court may properly take judicial notice of this public transaction.  ER 201(b).

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 3
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

In considering a Rule 12(b)(6) motion, a court is generally limited to reviewing the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, where a plaintiff files a complaint with exhibits, those exhibits are deemed part of the complaint and are therefore properly considered by a court on a 12(b)(6) motion.  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Further, where facts in the exhibits contradict allegations in the complaint, a court may disregard the contrary facts in the complaint.  Sprewell, 266 F.3d at 988.

**B.   All of Plaintiff's Causes of Action Fail to State a Claim Because they are Barred by the Applicable Statutes of Limitations**

A motion to dismiss for failure to state a claim is appropriate when the dates and facts set forth in the complaint demonstrate that a claim is untimely under the applicable limitations period.  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

**1.   Plaintiff's First Cause of Action (Recovery of Employee Benefits) is Time Barred**

a.   Plaintiff's cause of action for recovery of employee benefits is barred by the statute of limitations under R.C.W. 4.16.080[3]

ERISA does not provide a statute of limitations for a cause of action related to a claim for benefits brought under Section 502(a)(1)(B).  Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 646 (9th Cir. 2000).  Courts therefore apply the most analogous state statute of limitations, generally that which governs an action for breach of contract.  Reed v. United Transp. Union, 488 U.S. 319, 323, 327 (1989);  Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust, 3 F.3d 1246, 1252 (9th Cir. 1993) (the most analogous Washington statute is that which limits contract actions).

---

[3] Plaintiff's claim for violation of a contract contained in paragraph 45 of her Complaint is subject to the same statute of limitations analysis and therefore is not separately analyzed.

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 4
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

Plaintiff was employed by Verizon in Washington and thus Washington law provides the applicable statute of limitations for Plaintiff's cause of action to recover long-term disability benefit—but under Washington law there are two possible limitations periods applicable to an action in contract. An "action upon a contract in writing, or liability express or implied arising out of a written agreement" shall be commenced within six years. RCW 4.16.040(1). However, if a contract is not in writing, it is governed by the three-year statute of limitations applicable to oral contracts[4]. RCW 4.16.080(3). To constitute a written agreement subject to the six-year statute, a writing must contain **all** of the essential elements of a contract: "*the subject matter* of the contract, *the parties*, the promise, the terms and conditions and (in some but not all jurisdictions) the price or consideration." Bogle & Gates, P.L.L.C. v. Zapel, 121 Wn. App. 444, 448-49, 90 P.3d 703 (2004) (internal quotations omitted) (emphasis added).

Where a contract is "not a complete expression of all terms to which the parties have agreed," a party may resort to parol evidence to the extent such evidence is not inconsistent with the written terms. DePhillips v. Zolt Const. Co., Inc., 136 Wash.2d 26, 32-33, 959 P.2d 1104 (1998). However, where parol evidence is required to establish any one of the requisite essential elements of a contract, "the contract is partly oral and the three-year statute of limitations applies." Barnes v. McLendon, 128 Wn.2d 563, 570, 910 P.2d 469 (1996); Bogle & Gates, P.L.L.C., 121 Wn. App. at 450-51 (six-year statute of limitations inapplicable where letter lacked agreement of party, confirmed oral agreement, and required resort to parol evidence); Browning v. Howerton, 92 Wn. App. 644, 650, 966 P.2d 367 (1998) (six-year statute of limitations inapplicable to real estate contract that failed to state price).

---

[4] Flanagan applied the six-year limitation, but it appears the court only considered a written contract on the particular facts of that case; the court applied the six-year statute, without any discussion whatsoever of the effect if the contract is partly oral. 3 F.3d at 1252.

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 5
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

In this case, Plaintiff is explicit as to the subject matter of this dispute: she readily admits that it is "the long-term disability plan [that is] at issue in this case." Complaint, ¶ 2. While Plaintiff has competently alleged an oral agreement that her service would be bridged, there is no writing suggesting that the "long-term disability plan at issue" applies to her. Because the key essential elements of the contract are absent, Wise's contract for employment with Verizon was therefore partly oral and subject to a three-year statute of limitations.

Preliminarily, the fact that the long term disability plan itself is in writing is of no assistance to Plaintiff. The plan does not identify Plaintiff by name, or in any other way, as an employee covered by the plan[5]. As the Washington Supreme Court has concluded when choosing between the application of the three-year or six-year contract statute of limitation, if the document at issue does not identify the parties, the three-year statute applies. DePhillips is dispositive. The plaintiff there commenced an action challenging the termination of his employment, alleging that it violated the provisions of an employee handbook applicable to him. Like the plan at issue here, the handbook did not "name or identify plaintiff." 136 Wash.2d at 29, 959 P.2d at 1107. The court's conclusion as to the effect of the handbook's failure to name the plaintiff was unambiguous: "Thus, at the least it does not sufficiently establish the parties to and the terms and conditions of a contract. Accordingly, the six-year statute of limitations in RCW 4.16.040(1) does not apply." Id. The plan cannot support an argument for a six-year limitation.

Plaintiff does attempt to identify some other writing for her claim. Complaint, ¶ 9 (identifying the Bridging Memo). Fatal to Plaintiff's claim, though, the closest thing articulated

---

[5] Because it is voluminous, Defendants do not attach the plan to this Motion. It is, however, available to the Court as Exhibit 3 to Plaintiff's Complaint.

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 6
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

in the Bridging Memo relevant to the subject matter of this dispute is "non-pension benefits," which expressly include benefits "such as vacation eligibility, short-term sickness disability benefits, etc." Exh. D hereto. The Bridging Memo does not state that Plaintiff's long-term disability benefits are included in the non-pension benefits agreed to be bridged. Id. The absence of the subject matter – Plaintiff's long-term disability benefits – precludes a finding that all essential elements are contained within the Bridging Memo, and that the Bridging Memo is thus a contract in writing. Bogle &. Gates, P.L.L.C., 121 Wn. App. at 448-49. Further, establishing the subject matter by reading long-term disability benefits into the Bridging Memo would require Plaintiff to resort to parol evidence, thereby invoking the three-year statute of limitations for partly oral contracts. Barnes, 128 Wn.2d at 570.

Plaintiff attempts to buttress her claim that the Bridging Memo includes long-term disability benefits by offering the declaration of Angela Bryan, GTE's District Sales Manager at the time Plaintiff became re-employed. Exh. B hereto. Bryan's declaration recites Bryan's "understanding" of the terms of Plaintiff's re-employment and is parol evidence. Plaintiff cannot convert the Bridging Memo into a written contract in order to avoid the statute of limitations by putting forth a one-sided written statement years after the fact. Bogle & Gates, P.L.L.C., 121 Wn. App. at 450-51.

Thus, the Bridging Memo cannot satisfy the writing requirement because one of the most essential elements of a contract – the subject matter – is absent. The contract governing Plaintiff's re-employment is therefore partly oral and governed by a three-year statute of limitations. Moreover, in this case the equities do not favor Plaintiff. If she had not slept on her rights, a timely filed claim would have been filed while Verizon's Directories company was

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 7
**Case No. C08-0409 MJP**

under its control. Now, solely by virtue of Plaintiff's delay, Verizon's former Directories company, now Idearc, will be a stranger to this litigation. Plaintiff's cause of action is time-barred and must be dismissed for failure to state a claim.

      b.    <u>Even if the six-year statute of limitations applies, Plaintiff's Complaint is untimely</u>

Plaintiff's LTD benefits were discontinued by letter dated July 16, 2001. Her benefits ceased as of August 1, 2001. Under the law enunciated in the Ninth Circuit, Plaintiff's cause of action accrued then, and her Complaint is untimely.

The Ninth Circuit's standard for accrual of a cause of action for denial of ERISA benefits was established in <u>Wetzel</u>. The court concluded that the "cause of action accrues either at the time benefits are actually denied, … or when the insured has reason to know that the claim has been denied." 222 F.3d at 649 (citations omitted). <u>Wetzel</u> addressed the situation where a claimant's claim is denied, but he continued to receive benefits for many months thereafter. Here, Plaintiff was wholly aware that her claim was denied, and benefits actually were denied, in 2001. This lawsuit is untimely.

Finally, even if Plaintiff was to claim that her cause of action does not accrue until her appeal was finally denied, her Complaint is still untimely. On March 14, 2002, Verizon advised Plaintiff that her appeal had been denied on March 8, 2002. Exh. D hereto, p. 1. Indeed, the exhibits Plaintiff attached to her Complaint make clear that the Claims Review Committee denied her appeal on March 8, 2002. Complaint, Exh. 2, p. CF 000155, 000175 (Exh. E hereto). Plaintiff's cause of action thus accrued on March 8, 2002. <u>Ford v. International Harvester Co.</u>, 399 F.2d 749 (9th Cir. 1968) (applying Washington law; cause of action for breach of contract accrues on breach, not discovery); <u>1000 Virginia Ltd. P'ship v. Vertecs Corp.</u>, 158 Wn.2d 566,

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 8
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1  146 P.3d 423 (2006)(same; adopting "discovery rule" only in cases of construction contracts alleging latent defects).

Thus, even if the six year limitation was applicable to Plaintiff's claim, it expired on March 10, 2008 (March 9, 2008 was a Sunday).  Plaintiff did not file this lawsuit until March 11, 2008.  Her complaint is thus barred.  Cf.  Douchette v. Bethel Schl. Dist. No. 403, 58 Wn. App. 824, 795 P.2d 162 (1990), affirmed on other grounds 117 Wn.2d 805, 818 P.2d 1362 (1991) (complaint barred when one day beyond statute of limitations).

### 2. Plaintiff's Second Cause of Action (Breach of Fiduciary Duty) is Expressly Barred by the Statute of Limitations Under 29 U.S.C. § 1113(2)

Although absolutely barred for other reasons, see Part C, below, Plaintiff's cause of action for breach of fiduciary duty under 29 U.S.C. § 1109 is also governed by a three-year statute of limitations and is therefore time-barred.  Federal law explicitly sets forth a statute of limitations for breach of fiduciary duty actions brought under ERISA, providing that no action may be timely commenced after the *earlier of* (1) six years after "the date of the last action which constituted a part of the breach or violation," or (2) "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation."  29 U.S.C. § 1113.

The three year statute of limitations governs Plaintiff's cause of action for breach of fiduciary duty because she had actual knowledge of the alleged breach.  Plaintiff was made aware of Verizon's March 8, 2002 denial of her appeal relating to long-term disability benefits by letter dated March 14, 2002.  The statute therefore ran, at the latest, on or around March 14, 2005.  Because this action was not commenced until March 11, 2008, Plaintiff's cause of action for breach of fiduciary duty is time-barred and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 9
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

3. **Plaintiff's Third (Equitable Relief) and Fourth (Breach of Contract, Fraud, Misrepresentation, Negligence, and Other Unspecified Common Law and Statutory Duties) Causes of Action are Barred by the Statute of Limitations Pursuant to RCW 4.16.080**

Although absolutely barred for other reasons, see Parts D and E, below, Plaintiff's state law causes of action are governed by the applicable state law statutes of limitations. RCW 4.18.020(2); Rice v. Dow Chem. Co., 124 Wn.2d 205, 210-11, 875 P.2d 1213 (1994) ("limitation periods are to be governed by the limitations law of a state whose law governs other substantive issues inherent in the claim") (internal quotations omitted).

  a. Plaintiff's Third Cause of Action (Equitable Relief).

To the extent Plaintiff's third cause of action for equitable relief is subject to state law, the claim is subject to a three-year statute of limitations. RCW 4.16.080; Hilton v. Mumaw, 522 F.2d 588, 595 (9th Cir. 1975) (finding RCW 4.16.080 applicable to both equitable and legal actions). The statute of limitations for any cause of action for equitable relief based on state law expired, at the latest in March, 2005, three years after the denial of Plaintiff's appeal. Because Plaintiff did not commence this action until March 11, 2008, Plaintiff's cause of action for equitable relief based on state law is barred by the statute of limitations and must therefore be dismissed for failure to state a claim.

  b. Plaintiff's Fourth Cause of Action (Fraud and Misrepresentation).

A cause of action for fraud or negligent misrepresentation must be commenced within three years from the time the aggrieved party "discovers, or should have discovered, the fact of fraud by due diligence and sustains some actual damage as a result therefrom." RCW 4.16.080(4); First Maryland Leasecorp v. Rothstein, 72 Wn. App. 278, 286, 864 P.2d 17 (1993); Browning v. Howerton, 92 Wn. App. 644, 651, 966 P.2d 367 (1998). Here, Plaintiff knew or

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 10
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

should have known of any alleged fraud or negligent misrepresentation no later than the denial of her appeal for benefits. Nonetheless, Plaintiff waited to commence this action until approximately six years later and well after the expiration of the applicable three-year statute of limitations. As such, Plaintiff's causes of action for fraud and misrepresentation are time-barred and must be dismissed for failure to state a claim.

    c. <u>Plaintiff's Fourth Cause of Action (Negligence)</u>.

A cause of action for negligence must be commenced within three years from the time a party knows that "some actual and appreciable damage occurred." RCW 4.16.080(2); <u>First Maryland Leasecorp</u>, 72 Wn. App. at 285. Plaintiff had knowledge of "some actual and appreciable damage" at the time her benefits were discontinued in 2001; at the absolute latest, her claim accrued when her appeal for benefits was denied in 2002. However, Plaintiff failed to timely act before the applicable statute of limitations expired in 2005. Accordingly, Plaintiff's cause of action for negligence is time-barred and must be dismissed for failure to state a claim.

    d. <u>Plaintiff's Fourth Cause of Action (Unspecified Common Law and Statutory Claims)</u>.

To the degree that Plaintiff's allegation of "unspecified" violations of the law is not disposed of by the analysis above, such claims are still time-barred. Washington law is explicit that the three-year statute of limitations applies to any claim for injury to the person or rights of another, unless some other specific statute of limitation applies. RCW 4.16.080(2). The statute of limitations for such unspecified duties expired in 2005.

/ / /

/ / /

/ / /

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 11
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

C.  **Plaintiff's Second Cause of Action For Breach of Fiduciary Duty Under ERISA is Barred Because Plaintiff Has Failed to Allege Any Damage to the Plan as a Whole.**

In Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock, 861 F.2d 1406, 1414 (9th Cir. 1988), the Court stated that "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA." (emphasis added) (citing Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985)). 29 U.S.C. § 1132(a)(2) states that a civil action may be brought by "a participant … for appropriate relief under section 1109 of this title." "Section 1109(a) authorizes relief only when a fiduciary has breached a duty to a *plan*," Reynolds v. Fortis Benefits Ins. Co., 2007 WL 484782, at p. 8 (N.D. Cal. Feb. 9, 2007) (emphasis in original) (citing Murdock at 1413), and holds fiduciaries "personally liable" for "losses to the plan." 29 U.S.C. § 1109(a). "To find a breach of fiduciary duty based on a denial of individual benefits," as alleged here, "a plaintiff must allege that the denial is part of a 'larger systematic breach of fiduciary obligations.'" Reynolds at p. 8 (quoting Russell at 147).

In the instant matter, "Plaintiff has only alleged facts surrounding the mishandling of [her] *own* claim for benefits." Reynolds, at p. 8 (emphasis in original). See Complaint pp. 2-6. Although she purports to bring second cause of action on behalf of the Plan, she has not "allege[d] any harm to the plan as a whole, nor has [s]he shown that the mishandling of [her] claims is part of a larger scheme by defendants to mishandle the claims of anyone else covered by the Plan." Reynolds at p. 8. These deficiencies are fatal to her claim; thus, the second cause of action should be dismissed.

/ / /

/ / /

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 12
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

**D.  Because Plaintiff has Asserted a Claim Under Section 1132(a)(1) That Could Provide Her Adequate Relief, Plaintiff's Third Cause of Action for Equitable Relief Under Section 1132(a)(3) is Barred**

ERISA provides for various civil enforcement provisions, including actions for recovery of benefits and breach of fiduciary duty.  29 U.S.C. § 1132.  Section 1132(a)(1)(B) entitles a plaintiff to bring an action to recover benefits owed to her under a plan, to enforce her rights under a plan, or to clarify her rights under a plan.  Section 1132(a)(3) authorizes a cause of action for individual equitable relief.  But the Supreme Court has held that claims under § 1132(a)(3) are available only when no alternative means of relief, such as a claim for benefits under 1132(a)(1)(B), are available.  Varity Corp. v. Howe, 516 U.S. 489, 515 (1996) (if Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'").

The remedy Plaintiff seeks for past and future long-term disability benefits sought under Section 1132(a)(3) is wholly duplicative of the remedy Plaintiff seeks to recover under Section 1132(a)(1).  Complaint at ¶¶ 31, 43.  Those remedies are thus unavailable under Section 1132(a)(3).  Varity Corp., 516 U.S. at 515.  Moreover, Plaintiff's claim for past and future long-term disability benefits is not an equitable remedy is therefore not available under Section 1132(a)(3).  Mertens v. Hewitt Assocs., 508 U.S. 248, 256-259 (1993) (monetary damages are not recoverable as equitable relief).  As such, Plaintiff's cause of action for equitable relief is barred and should be dismissed for failure to state a claim.

/ / /

/ / /

/ / /

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 13
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

E.   **ERISA Preempts Plaintiff's Fourth Cause of Action (Breach of Contract, Fraud, Misrepresentation, Negligence, and Other Unspecified Common Law and Statutory Duties)**

Plaintiff's causes of action for breach of contract, fraud, misrepresentation, negligence, and other unspecified common law and statutory duties are all preempted by ERISA and must therefore be dismissed for failure to state a claim. Congress provided for a "deliberately expansive" preemption of state law claims relating to welfare benefit plans by enacting ERISA's broad-sweeping preemption clause. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-47 (1987); Security Life Ins. Co. of Am. v. Meyling, 146 F.3d 1184, 1188 (9th Cir. 1998) (the Ninth Circuit has "emphasized that 'ERISA contains one of the broadest preemption clauses ever enacted by Congress'"); Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (the pre-emption clause was "intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements"). Specifically, the preemption clause states that ERISA "supercede[s] *any and all* State laws insofar as they may now or hereafter relate to *any* employee benefit plan…" Pilot Life Ins. Co., 481 U.S. at 44-45, 47 (emphasis added); 29 U.S.C. § 1144(a).

A state law "relates to" an employee benefit plan and triggers ERISA preemption if it (1) has "a reference to" or (2) a "connection with" an ERISA plan. Bankamerica Pension Plan v. McMath, 206 F.3d 821, 829 (9th Cir. 2000) (citing California Div. of Labor Standards Enforcement v. Dillingham Constr. N.A., Inc., 519 U.S. 316, 324 (1997)). To be preempted, a state law need not be "specifically designed" to affect employee benefit plans. District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 129-30 (1992) (finding that a workers' compensation statute "referred" to a welfare benefit plan because the statute required

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 14
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

employers that provide health insurance coverage to its employees to provide equivalent coverage to employees eligible to receive workers' compensation benefits). Further, where a state law claim is based upon an alleged wrongful denial of benefits, it is even more likely to be preempted given ERISA's reserved enforcement remedies. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 62-63 (1987) (a claim by a beneficiary to recover benefits "falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes").

Here, Plaintiff has alleged four claims based on Washington law: (1) breach of contract; (2) fraud; (3) misrepresentation; and (4) negligence, as well as unspecified common law and statutory duties. Complaint, ¶¶ 44-47. Given that each of Plaintiff's state law claims is based on Defendants' alleged wrongful denial of long-term disability benefits under an ERISA-regulated benefit plan, each state law claim "relate[s] to a benefit plan" governed by ERISA, and is therefore preempted. <u>Pilot Life Ins. Co.</u>, 481 U.S. at 47-48; 29 U.S.C. § 1144(a).

Plaintiff's state law claims for breach of contract and negligence are preempted by ERISA because they "relate to" an "employee welfare benefit plan" as they seek to recover benefits allegedly owed under such plan. <u>Crull</u>, 58 F.3d at 1390 (noting ERISA preempts state common law contract and tort claims where action attempts to recover benefits allegedly owed under a plan); <u>Pilot Life Ins. Co.</u>, 481 U.S. at 47-48 (ERISA preempts state law breach of contract and tort claims based on improper processing of a claim for benefits). Plaintiff's state law claims for fraud, misrepresentation, and other unspecified common law and statutory duties are similarly preempted. <u>Olson v. Gen. Dynamics Corp.</u>, 960 F.2d 1418, 1421, 1423 (9th Cir. 1991) (cause of action for fraud preempted where a claimant asserted that he received fewer

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 15
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

benefits than he was lead to believe he would receive); <u>Cleghorn v. Blue Shield of Am.</u>, 408 F.3d 1222, 1224-25 (9th Cir. 2005) (statutory claims for denial of emergency care benefits deemed to conflict with exclusivity of ERISA remedial scheme and therefore preempted).  Because each of Plaintiff's state law claims is preempted by ERISA's broad-sweeping preemptive clause, each should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: May 15, 2008.             STOEL RIVES LLP

  /s/ Timothy J. O'Connell
Timothy J. O'Connell, WSBA No. 15372
Elena C. Burt, WSBA No. 38836
Attorneys for Defendants

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 16
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on May 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties in the above case. |
| 3 | |
| 4 | |
| 5 | |
| 6 | STOEL RIVES LLP |
| 7 | /s/ Timothy J. O'Connell |
| | Timothy J. O'Connell, WSBA No. 15372 |
| 8 | Elena C. Burt, WSBA No. 38836 |
| | Attorneys for Defendants |
| 9 | Stoel Rives LLP |
| | 600 University Street, Suite 3600 |
| 10 | Seattle, WA 98101-3197 |
| 11 | tjoconnell@stoel.com |
| | ecburt@stoel.com |

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO 12(b)(6) - 17
**Case No. C08-0409 MJP**

Seattle-3416609.1 0010932-00016

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*