THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY WISE,<br><br>              Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., formerly known as GTE, a Delaware Corporation, PLAN FOR GROUP INSURANCE and METROPOLITAN LIFE INSURANCE COMPANY, a foreign insurer licensed to do business in the State of Washington,<br><br>              Defendants. | No. C08-0409 MJP<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>NOTE ON MOTION CALENDAR:<br><br>FRIDAY, JUNE 6, 2008 |

## I.    INTRODUCTION

In response to Defendants' Motion to Dismiss each of Plaintiff's four causes of action, Plaintiff fails to allege sufficient facts to state a claim for relief. Instead, Plaintiff attempts to divert attention from the legal issues presented by Defendants' motion through an unnecessary extensive repetition of the facts, again bombarding the Court with voluminous exhibits. Moreover, Plaintiff does not dispute – or even address – Defendants' arguments that Plaintiff's second, third, and fourth causes of action should be dismissed for failure to state a claim. Therefore, the only issue remaining before the Court is whether Plaintiff's first cause of action (Recovery of Employee Benefits) should be dismissed for failure to state a claim.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 1
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

## II. FACTS AND APPLICABLE STANDARD

For purposes of this motion, the facts alleged by the complaint are simple. Plaintiff claims that she was orally promised, at the time she was rehired, that her previous service with Verizon (then, GTE) would be bridged. This would entitle her to coverage under GTE's long term disability plan to benefits for pre-existing conditions. The alleged oral promise was later confirmed to her in a memo which does not mention long term disability. GTE later denied her claim for benefits. Six years later, this lawsuit ensued.

While Verizon might contest these facts in the event of a trial, they are the salient facts pled by Plaintiff. Because Plaintiff has not – and cannot – set forth "enough facts to state a claim to relief that is plausible on its face," dismissal of Plaintiff's first cause of action for the recovery of employee benefits is appropriate. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Prior to Twombly, "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief," a plaintiff was able to survive dismissal  Id. at 1968 (internal citation and quotation omitted). Twombly, however, rejected the "no set of facts" language as the minimum standard. Id. at 168-69. To survive dismissal post-Twombly, Plaintiff is now required to provide factual allegations sufficient to "raise a right to relief above the speculative level," and state a claim that is "plausible on its face." Id. at 1964-65, 1974. (internal citation omitted).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 2
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

## III. ARGUMENT

A. **Plaintiff Offers No Meaningful Response to Defendants' Arguments that Plaintiff's Second, Third, and Fourth Causes of Action Should be Dismissed for Failure to State a Claim**

Defendants identified multiple dispositive bases why each of Plaintiff's second, third and fourth causes of action were barred as matters of law. Specifically, Plaintiff's second claim, for breach of fiduciary duties, is barred as a matter of law because (1) it was barred by the express statute of limitations established in 29 U.S.C. § 1113 and (2) Plaintiff has failed to allege any damage to the Plan as a whole. Plaintiff's third cause of action, for equitable relief under ERISA, is barred (1) by the statute of limitations applicable to equitable claims, and (2) because Plaintiff has articulated a claim for relief under 29 U.S.C. §1132(a)(1), she may not also assert a claim under ERISA's equitable relief provisions. Plaintiff's fourth cause of action, various state law claims, are all barred by (1) the applicable statutes of limitations and (2) ERISA's expansive preemption provisions.

In her response to Defendant's motion, Plaintiff offers literally *not one word* responding to any of the analyses numbered (2), above. The Court can only assume that Plaintiff acknowledges the validity of those arguments. Wholly independent of the application of the various applicable statutes of limitations, Plaintiff's second, third and fourth causes of action should accordingly be dismissed.

Even as to the statutes of limitations arguments, Plaintiff makes only the most vague of arguments. She appears to argue that because a six year statute of limitations[1] allegedly applies

---

[1] Plaintiff cites <u>Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust</u>, 3 F.3d 1246, 1252 (9th Cir. 1993), for the proposition that "all ERISA cases in Washington based on an ERISA plan" are subject to a "six-year contract statute of limitations contained in RCW 4.16.040(1)." Plaintiff's Response to Defendants' 12(b)(6) Motion (hereafter, the "Response")

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 3
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

to her claim for benefits (but see, Part 2, below), "all of the ERISA claims Ms. Wise makes" are governed by that same statute of limitations. This appears to include, under Plaintiff's theory, her causes of action under 29 U.S.C. § 1132(a)(2), for breach of fiduciary duty, and under 29 U.S.C. § 1132(a)(3), for equitable relief. Response, at 6. Plaintiff baldly asserts that her cause of action for breach of fiduciary duty is governed by a six-year statute of limitations, stating "no other analogous statute of limitations can apply than the six-year contract statute of limitations." Id. Plaintiff's analysis is breathtaking, but only because it is so clearly wrong. The court need not resort to an "analogous statute of limitations" for a claim for breach of fiduciary duties, because Congress explicitly provided the controlling statute of limitations in 29 U.S.C. § 1113. Resort to a general rule about borrowing other terms – such as a state statute of limitations – when Congress has expressly spoken, is not only unnecessary, but improper. S.V. v. Sherwood School Dist., 254 F.3d 877, 880-81 (9th Cir. 2001) ("It is a well-established tenet of statutory construction that a specific statute controls over a general statute.") Similarly, there most assuredly is a controlling statute of limitations for a claim for equitable relief, RCW 4.16.080(2). Again, Plaintiff simply chooses not to deal with this analysis.

Moreover, Plaintiff makes no attempt to respond to Defendants' careful identification of the statutes of limitations applicable to each of her state law claims.[2] The Court can only assume that Plaintiff acknowledges that her state law claims are time-barred.

---

at 5. However, Flanagan stands for no such proposition. The Court there applied Washington state's six-year statute of limitations period for written contracts to a claim for benefits against a plan, not a breach of fiduciary duty or a claim for equitable relief. Flanagan, 3 F.3d at 1252.

[2] Plaintiff does appear to make a passing reference to her state law breach of contract claim. Response, at 7. Defendants will not further respond on that issue, for two reasons. First, as an independent theory of relief – as Plaintiff appears to admit by not responding to this analysis – a state law breach of contract action for ERISA benefits is preempted. Crull v. GEM Ins. Co., 58 F.3d 1386, 1390 (9th Cir. 1995). Second, the analysis of Plaintiff's claim for benefits, See Part 2, below, applies equally to this claim.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 4
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

**B. Plaintiff Fails to Establish that her Remaining Claim for the Recovery of Employee Benefits was Timely Made**

    **1. Plaintiff's Assertion that her Cause of Action has not Accrued is Wholly Without Merit**

The Ninth Circuit has expressly held a cause of action for the denial of ERISA benefits accrues "either at the time benefits are actually denied, … *or* when the insured has reason to know that the claim has been denied." Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 649 (9th Cir. 2000) (citations omitted) (emphasis added). Notwithstanding this clear authority, Plaintiff argues that "the statute cannot be said to have begun to run" because "[Defendants'] conduct affected the record and what Ms. Wise submitted." Response, at 9. This argument is completely unsupported by authority. Plaintiff appears to cite supporting precedent, but does so only by grossly mischaracterizing Ninth Circuit authority. Plaintiff relies upon LaMantia v. Voluntary Plan Administrators, Inc., 401 F.3d 1114, 1117 (9th Cir. 2005) to assert that the statute of limitations has not begun to accrue here. LaMantia stands for no such proposition. Id. at 1117, 1119.

    To the contrary, LaMantia stands for nothing more than the straightforward application of the doctrine of equitable estoppel. Plaintiff wholly ignores the critical fact that the plan in LaMantia expressly held the claimant's appeal in abeyance pursuant to an agreement between the parties. Id. Thus, the Court did not void the plan's contractual provision and Federal law on the issue of accrual. Rather, the Court held that the plan was estopped from relying on that otherwise controlling law because of the plan's express representations and conduct which indicated that the claimant's "appeal was placed in suspension pending both [the plan's] receipt of further medical reports and a final decision on the merits…" Id. at 1119. The Court in

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 5
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

LaMantia simply issued no holding whatsoever to the effect that the plaintiff's claim there somehow never accrued. Plaintiff creates this argument from whole cloth. No agreement regarding claim processing such as that in LaMantia has even been alleged in this case, nor can any reading of LaMantia support Plaintiff's assertion that the statute of limitations has not yet begun to run in this matter.

### 2. Plaintiff Fails to Establish that the Writing She Seeks to Enforce Constitutes a Written Contract

Plaintiff asserts that the six-year breach of contract statute of limitations contained in RCW 4.16.040(1) should apply to her claim for benefits "because [Plaintiff's] claims arise out of the written contract, the ERISA disability plan." Response, at 5. Plaintiff fails to address, let alone distinguish, the cases cited by Defendants that establish that a three-year statute of limitations applies to a breach of contract action where the document upon which the breach is based does not include all of the essential elements of a contract. Bogle & Gates, P.L.L.C. v. Zapel, 121 Wn. App. 444, 448-49, 90 P.3d 703 (2004). Essential elements include the promise, the terms and conditions, and notably, *the subject matter* of the contract and *the parties*. Id. Here, because the plan document fails to identify or name Plaintiff, an essential element is missing and the three-year statute of limitations applies. DePhillips v. Zolt Const. Co., Inc., 136 Wn.2d 26, 29, 959 P.2d 1104 (1998).

Attempting again to invoke the six-year statute of limitations for written contracts, Plaintiff next relies upon an April 7, 2000 letter alleged to bridge Plaintiff's service ("Bridging Memo"). Plaintiff states that "[a]n examination of the [Bridging Memo], confirms that it satisfies requirements for a written contract that is not fully integrated." Response, at 8.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 6
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

However, Plaintiff fails to provide any support, other than the statement, "[c]learly this [Bridging Memo] sets out the terms of the agreement…" Id.

Plaintiff admits that the Bridging Memo "does not specifically mention long term disability benefits." Id., at 3. Plaintiff claims that "the critical 'etc.' in the agreement" must include the long term disability benefits at issue in this case. Id. Plaintiff suggests that the Declaration of Angela Bryan "removes any ambiguity in interpreting the 'etc.' by confirming that GTE had agreed to bridge all non-pension benefits, including the long term disability benefits…" Id. However, Plaintiff's argument that the word "etc." in the Bridging Memo can be interpreted to refer to long term disability benefits through resorting to parol evidence proves Defendants' point. The Bridging Memo lacks a required essential element - the subject matter - and is therefore partly oral and partly written for statute of limitations purposes.

Thus, Plaintiff's argument that the need for parol evidence does not automatically convert a written contract into an oral contract for the purposes of the statute of limitations is correct, but misses the point. While automatic conversion may not take place where parol evidence is used "to *interpret* the meaning of what is actually contained in a contract," the result is different where, as here, parol evidence is necessary to establish any one of the requisite *essential elements* of a contract. DePhillips, 136 Wn.2d at 32. When parol evidence is required to establish the subject matter, "the contract is partly oral and the three-year statute of limitations applies." Barnes v. McLendon, 128 Wn.2d 563, 570, 910 P.2d 469 (1996); DePhillips, 136 Wn.2d at 31; Bogle & Gates, P.L.L.C., 121 Wn. App. at 450-51 (six-year statute of limitations inapplicable where letter lacked agreement of party, confirmed oral agreement, and required resort to parol evidence).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 7
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1       Here, Plaintiff alleges that long-term disability benefits is the subject matter of the Bridging Memo but acknowledges its omission from the same. Although Plaintiff asserts that "the critical 'etc.'" in the Bridging Memo "can have no other meaning," than "non-pension long term disability benefits as well as any other non-pension benefits not specifically enumerated in the letter," absent parol evidence, Plaintiff's argument is completely unsupported. Response, at 3. Plaintiff herself acknowledges that parol evidence is "useful to help the understanding of the term 'etc.'" Id. at 8-9. However, parol evidence is not only helpful, but necessary to infer that "etc." refers to the essential subject matter of long-term disability benefits. As such, the Bridging Memo is subject to the three-year statute of limitations for partly oral contracts and Plaintiff's claim for benefits is therefore time-barred.

### 3. Plaintiff's Claim is Time-Barred Even if the Six-Year Statute of Limitations Applies

In arguing that Plaintiff's claim for benefits is timely, Plaintiff asserts that accrual takes place only after "a final decision has been made in the claim and the decision is communicated to the claimant." Response, at 6. In so doing, Plaintiff relies upon LaMantia and Wetzel. Id. However, **neither** of these cases require both that a final decision be made *and* the decision be communicated to the claimant. Indeed, as analyzed earlier, Wetzel, expressly holds that the claim accrues on "either" of those events. 222 F.3d at 649; Similarly, LaMantia also wholly fails to provide support for Plaintiff's argument that a cause of action accrues only after "a final decision has been made in the claim and the decision is communicated to the claimant." Response at 6. In fact, the LaMantia court made no determination as to when a cause of action accrues based on the law and noted that such a determination did not matter where the parties

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 8
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

agreed to extend the deadline and suspend the claimant's appeal. <u>LaMantia v. Voluntary Plan Administrators, Inc.</u>, 401 F.3d at 1119.

Thus, Ninth Circuit case law is unclear whether a cause of action accrues at the earlier or later of the actual denial or notice. Although Plaintiff asserts that accrual is defined by the date a "Plaintiff has knowledge of the final denial and can take no further administrative appeals with Plaintiff's only remaining alternative filing a lawsuit," this assertion is entirely unsupported by authority. Response, at 7. Because Plaintiff has failed to establish that accrual should occur upon the earlier of actual denial or notice and Ninth Circuit case law is unclear, the court must look elsewhere for guidance on the issue; Defendants assert that such guidance is readily available under state case law.

As an initial matter, Defendants note that it is wholly appropriate for the Court to look to the law of the state supplying the applicable statute of limitations, when interpreting accrual of the relevant claim. Even though accrual of a claim may be a federal law question, the Ninth Circuit has applied the "logic" of the underlying state law in interpreting accrual. <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1133 (2007). This is all the more true when the law of the state being applied here, Washington, is consistent with Congress's intent, as identified above, for timely resolution of ERISA claims.[3]

It is well recognized in Washington that a cause of action for breach of contract accrues upon breach rather than discovery. <u>See</u> e.g. <u>Ford v. International Harvester Co.</u>, 399 F.2d 749, 752 (9th Cir. 1968) (applying Washington law; cause of action for breach of contract accrues on

---

[3] While not controlling in the case at bar, Congress did enact a statute of limitations for certain ERISA claims. 29 U.S.C. § 1113 expressly provides that a claim for breach of fiduciary duty must be commenced by the *earlier* of the last action, or the claimant's notice. Congress could readily have allowed such claims by the later of those events. It did not, for fiduciary breach claims, and there is no reason to do so for a claim for benefits.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 9
Case No. C08-0409 MJP

1  breach, not discovery); City of Algona v. City of Pacific, 35 Wn. App. 517, 521, 667 P.2d 1124
2  (1983) (same); 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 146 P.3d 423 (2006)
3  (same; adopting "discovery rule" only in cases of construction contracts alleging latent defects);
4  Schwindt v. Commonwealth Ins. Co., 140 Wn.2d 348, 353, 997 P.2d 353 (2000) (statute of
5
6  limitations begins to run on date insurer breaches contract of insurance).

7  Where a cause of action accrues upon breach, accrual may occur prior to a party having
8  notice. This is because accrual is generally based upon the premise that "when an adult person
9  has a justiciable grievance, [that person] usually knows it and the law affords [the person] ample
10 opportunity to assert it in the courts." Matter of Estates of Hibbard, 118 Wn.2d 737, 745, 826
11 P.2d 690 (1992) (internal quotation and citation omitted). Moreover, where a cause of action is
12
13 discoverable, accrual upon breach and prior to notice furthers the purpose of a statute of
14 limitations. That is, to avoid litigation of stale claims that "may be spurious and generally rely
15 on untrustworthy evidence." Id.

16 Although a court may apply the discovery rule for a breach of contract cause of action in
17 the limited context of a construction contract involving a latent defect, no such latent defect
18 exists here. In this case, there is no allegation that the March 8, 2002 action by the Claims
19 Review Committee was in any way hidden. Furthermore, Plaintiff had more than sufficient time
20
21 to assert her claim. In following the guidance set forth by Washington law, Plaintiff's cause of
22 action accrued on March 8, 2002. Thus, even if the six-year statute of limitations was applicable
23 to Plaintiff's claim, that statute ran on March 10, 2008. Plaintiff did not commence this lawsuit
24 until after March 10, 2008, however, and her claim is therefore time-barred.
25
26

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 10
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

## IV. ORAL ARGUMENT

Plaintiff requests oral argument, but does not articulate any reason why oral argument would assist the Court in this matter. Because this case is clearly barred for all the reasons identified above, Defendants do not believe the expenditure of additional resources by the parties or the Court is necessary. Defendants therefore request that the Court rule on this motion without oral argument.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: June 6, 2008.

STOEL RIVES LLP

/s/ Timothy J. O'Connell
Timothy J. O'Connell, WSBA No. 15372
Elena C. Burt, WSBA No. 38836
Attorneys for Defendants

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 11
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

**CERTIFICATE OF SERVICE**

1

2   I hereby certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the
3   Court using the CM/ECF system which will send notification of such filing to the parties in
    the above case.

4

5

6                                                STOEL RIVES LLP

7                                                /s/ Timothy J. O'Connell
                                                 Timothy J. O'Connell, WSBA No. 15372
8                                                Elena C. Burt, WSBA No. 38836
                                                 Attorneys for Defendants
9                                                Stoel Rives LLP
10                                               600 University Street, Suite 3600
                                                 Seattle, WA 98101-3197
11                                               tjoconnell@stoel.com
                                                 ecburt@stoel.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) - 12
Case No. C08-0409 MJP

Seattle-3423245.5 0010932-00162