UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WISE,

                    Plaintiff(s),

          v.

VERIZON COMMUNICATIONS, INC., et al.,

                    Defendant(s).

NO. C08-409MJP

ORDER ON MOTION TO DISMISS
AND MOTION TO STRIKE
SURREPLY

The above-entitled Court, having received and reviewed:

1.  Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 10)

2.  Plaintiff's Response (Dkt. No. 12)

3.  Defendants' Reply (Dkt. No. 14)

4.  Plaintiff's Surreply (Dkt. No. 15)

5.  Plaintiff's Statement of Additional Authority (Dkt. No. 16)

6.  Plaintiff's Second Statement of Additional Authority (Dkt. No. 19)

7.  Defendants' Motion to Strike Plaintiff's Surreply and Statement of Additional Authority (Dkt.

    No. 19)

8.  Plaintiff's Response to Motion to Strike (Dkt. No. 21)

9.  Defendants' Reply (Dkt. No. 23)

and all exhibits and declarations attached thereto, makes the following ruling:

          IT IS ORDERED that the motion to strike Plaintiff's surreply is GRANTED.

          IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is GRANTED.

**ORD ON MTN
TO DISMISS - 1**

**Background**

Plaintiff was employed by Defendant Verizon Communications, Inc. ("Verizon;" which was "GTE" at the time), then left in 1997 to work for another employer. She was re-employed by Verizon in March 1999. As part of her re-hire, Plaintiff alleges that Verizon agreed to "bridge" Plaintiff's time of service back to her original 1995 hire date – this was significant in terms of calculating her eligibility for benefits. Plaintiff received a letter from the GTE Employee Records Center dated April 7, 2000 which she claims memorialized this agreement: "This service has adjusted your Service Date to 12/19/95, which will now be used to administer your non-pension benefits, such as vacation eligibility, short-term sickness disability benefits, etc." (Plaintiff Exh. 2, CF000085)

Plaintiff had received a diagnosis of Multiple Sclerosis (MS) during her first period of employment with GTE/Verizon. She alleges that Defendant was aware of this diagnosis. She applied for short-term disability benefits following her re-hire; when those ran out, she applied for long term disability ("LTD") benefits under the GTE plan ("the Plan"), identifying breast cancer complicated by MS as the basis for her claim. Defendant's insurer (co-Defendant Metropolitan Life Insurance Company ("Met Life")) approved Plaintiff's LTD benefits claim on August. 2, 2000 and communicated that approval by a letter dated August. 8, 2000. Plaintiff continued to receive disability benefits through August. 2, 2001, but on July 16, 2001, she received a letter from Met Life containing their conclusion that her MS symptoms were not severe enough to warrant a finding of total disability.

Plaintiff appealed the denial, and her appeal was rejected on October 17, 2001. That denial claimed (for the first time, according to Plaintiff) that her MS was a "pre-existing condition" excluded from coverage. This finding was based on Defendants' conclusion that her benefits commenced from the date of her re-hire (i.e., that there was no "bridging" of benefits from her previous GTE employment). Plaintiff appealed to the GTE Benefit Center Review Unit (and provided them with

1   information regarding the "bridging" of her benefits).  On March 8, 2002, the GTE Review committee

2   issued a final denial of her appeal, which was communicated to Plaintiff by a letter dated March 14,

3   2002.

4       On March 11, 2008, Plaintiff filed this lawsuit, alleging causes of action for recovery of

5   employee benefits under ERISA, breach of fiduciary duty, equitable relief, fraud, misrepresentation

6   and negligence.  Dkt. No. 1.

7   **Discussion/Analysis**

8   First Cause of Action: *Recovery of Employee Benefits (29 U.S.C. 1132(a)(1)(B)*

9       Defendants allege that Plaintiff's First Cause of Action (ERISA violation) fails to state a claim

10  upon which relief can be granted because it is not timely filed.

11      ERISA contains no statute of limitations relative to causes of action for § 502(a)(1)(B) claims

12  for benefits (Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643,

13  646 (9th Cir. 2000)); courts must look to analogous state statutes of limitation, usually those for

14  contract actions.  Reed v. United Transp. Union, 488 U.S. 319, 323, 327 (1989); Flanagan v. Inland

15  Empire Elec. Workers Pension Plan & Trust, 3 F.3d 1246, 1252 (9th Cir. 1993).

16      Plaintiff does not disagree that we must look to the Washington contract statutes of limitation

17  to determine the timeliness of her complaint.  The dispute on this point centers around what *kind* of

18  contract – Defendants argue that the time bar must be calculated under the oral contract statutory

19  limits (3 years; RCW 4.16.080(3)); Plaintiff argues that this case concerns a written contract and we

20  must apply the 6-year statute of limitations under RCW 4.16.040(1).

21      Plaintiff does not have a written contract upon which to plead her case.  In order for a

22  document to legally constitute a written contract, the writing must contain all of the essential contract

23  elements: at the very least, the subject matter, the identities of parties, the promise, and the terms and

24  conditions.  Bogle & Gates P.L.L.C. v. Zapel, 121 Wn.App. 444, 448-49 (2004).  If parol evidence is

25

26  **ORD ON MTN**
    **TO DISMISS - 3**

1 needed to establish any required element, "the contract is partly oral and the three-year statute of

2 limitations applies." Barnes v. McLendon, 128 Wn.2d 563, 570 (1996).

3       There are two documents which could arguably constitute the "written contract" upon which

4 Plaintiff argues she is entitled to plead. The first is the Plan, the written long-term disability plan

5 under which Plaintiff claims she is entitled to LTD benefits. Complaint, Ex. 3. As a written contract,

6 however, this Plan is fatally flawed. Nowhere does it identify Plaintiff by name. DePhillips v. Zolt

7 Constr. Co., Inc. (136 Wn.2d 26 (1998)) is controlling: the failure to specifically identify the plaintiff

8 as the contracting party "does not sufficiently establish the parties to and the terms and conditions of

9 the contract. Accordingly, the six-year statute of limitations in RCW 4.16.040(1) does not apply." Id.

10 at 29.

11       Elsewhere in her briefing, Plaintiff takes the position that the "bridging memo" of April 7, 2000

12 is a "written contract that is not fully integrated" (Response, p. 8) . This document is a letter of

13 confirmation/explanation sent to Plaintiff 13 months after her re-hire. Under the requisite contractual

14 elements enumerated *supra*, it is not a written contract. For one thing, there is an absence (as in the

15 DePhillips case) of terms and conditions. Even if Plaintiff could overcome that obstacle, what is left

16 is, at best, a partly written and partly oral contract.

17       When parol evidence is required to establish the subject matter of a contract, then "the contract

18 is partly oral and the three-year statute of limitations applies." Barnes v. McLendon, 128 Wn.2d 563,

19 570 (1996); *see also* DePhillips, 136 Wn.2d at 31. It is true, as Plaintiff points out, that the

20 introduction of parol evidence does not automatically convert a written contract into an oral one, but

21 to avoid that result the parol evidence must be used "to interpret the meaning of what is already in the

22 contract" (DePhillips, 136 Wn.2d at 32), not to supply an essential but missing element of the

23 agreement.

24

25

26 **ORD ON MTN**
**TO DISMISS - 4**

1    As a contract, the "bridging memo" is missing an essential element; namely, it does not specify

2    that LTD benefits are among those which were "bridged" upon Plaintiff's re-hire (the memo refers to

3    Plaintiff's "non-pension benefits, such as vacation eligibility, short-term sickness disability benefits,

4    *etc.*"; Krafchick Decl., CF00085; emphasis supplied).  In fact, Plaintiff had to submit a declaration

5    from the GTE District Manager explaining that the "etc." included LTD benefits (Bryan Decl., Plaintiff

6    Ex. 1).  The Court finds that the Bryan Declaration is parol evidence required to supply a missing

7    element of the contract, thereby converting it to an oral contract with a 3-year statute of limitations.

8        Plaintiff argues that the memo clearly refers to "non-pension benefits," and the Bryan

9    Declaration simply interprets the use of "etc." in that phrase as meaning "plus LTD benefits."  The line

10   between "interpreting the meaning" and "supplying a missing element" is not a bright one, but the

11   Court is persuaded in Defendants' favor by the fact that the "element" of the contract upon which

12   Plaintiff has based her theory of recovery is the existence of "long-term disability benefits" which

13   bridge back to her original employment.  It is not possible to know that the "bridging memo" includes

14   that element without resort to the parol evidence supplied by Plaintiff.[1]  It is a missing element which

15   the Bryan Declaration was required to supply.  The end result is that Plaintiff has not plead a cause of

16   action under a written contract and therefore was required to bring her action within three years, a

17   deadline she was well past when she filed this lawsuit.[2]

18       The Court is aware that this is a harsh result, but under the circumstances no other ruling is

19   possible.  Plaintiff cannot prevail on her untimely First Cause of Action and, as the remainder of the

20   opinion demonstrates, is foreclosed on her remaining causes of action as well.

21

22       [1]  Plaintiff did not supply any evidence that the term "non-pension benefits" is commonly understood, in
     Plaintiff's industry or in the human resources field, to include long-term disability benefits.

23

24       [2] Defendants also argue that, even if Plaintiff does have a written contract upon which to base her ERISA
     claims, the cause of action accrued at breach (the final denial of her claims on March 8, 2002) and thus her March 11,
     2008 filing is still outside the statute of limitations.  Based on the finding that Plaintiff does not have a written contract,
25   the Court does not reach that issue.

26   **ORD ON MTN
     TO DISMISS - 5**

1    Second Cause of Action: *Breach of Fiduciary Duty*

2         A claim for breach of fiduciary duty based on denial of individual benefits requires an allegation

3    that "the denial is part of a 'larger systematic breach of fiduciary obligations.'" Reynolds v. Fortis

4    Benefits Ins. Co., 2007 WL 484782, at p. 8 (N.D. Cal., Feb. 9, 2007) (quoting Mass. Mutual Life Ins.

5    Co. v. Russell, 472 U.S. 134, 142 (1985)).  Plaintiff's failure to allege anything larger in scope than

6    the mishandling of her personal benefits, or to allege that her injury is part of a larger scheme by

7    Defendants entitles them to dismissal of this cause of action.  Reynolds at p. 8.

8    Third Cause of Action: *Equitable Relief under 29 U.S.C. 1132(a)(3)*

9         The Supreme Court has held that § 1132(a)(3) equitable relief is not available where a plaintiff

10   also seeks to recover under a claim for benefits pursuant to §1132(a)(1)(B).  Varity Corp. v. Howe,

11   516 U.S. 489, 515 (1996).  Plaintiff's equitable relief claim is duplicative of her request for past and

12   future long-term disability benefits and thus is barred.

13    Fourth Cause of Action: *Fraud, Misrepresentation and Negligence*

14        ERISA contains a preemption clause which specifically precludes state law claims – the federal

15   statutory scheme "supercede[s] any and all State laws insofar as they may now or hereafter relate to

16   any employee benefits plan..." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44-45, 47 (1987); 29

17   U.S.C. § 1144(a).  Nor is ERISA's preemptive impact limited to laws "specifically designed" to affect

18   employee benefit plans.  District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 129-

19   30 (1992).

20        Furthermore, Plaintiff's state law causes of action are barred by their applicable statutes of

21   limitation.   Her claim for equitable relief and her claims for fraud, negligent misrepresentation and

22   negligence are all subject to 3-year statutes of limitations (RCW 4.16.080; RCW 4.16.080(2); RCW

23   4.16.080(4)).  Regardless of when the claims accrued, Plaintiff is well past the limitation periods for

24   recovery on any state law tort violations.

25

26   **ORD ON MTN**
     **TO DISMISS - 6**

1  <u>Defs' Motion to Strike Surreply and Supplemental Authority</u>

2  On June 10, 2008, Plaintiff filed a 4-page surreply to "clarify Plaintiff's position with respect to

3  the causes of action claimed and those to be pursued."  Surreply, p. 1.  On June 11, she filed a

4  "Statement of Supplemental Authority," attaching a June 2, 2008 Arizona federal court opinion,

5  <u>Solien v. Metroplitan Life Ins. Co.</u> (2008 Dist. LEXIS 43194).  On June 27, she filed a "Second

6  Statement of Additional Authority," attaching a June 19, 2008 Supreme Court opinion, <u>Metropolitan</u>

7  <u>Life Ins. Co. v. Glenn</u>, 2008 LEXIS 5030, 76 U.S.L.W. 4495.

8  Defendants objected to all the supplemental filings, citing to Local Rule 7(g) for the

9  requirement that a party filing a surreply must (1) notify all parties and chambers of their intention, (2)

10  limit the surreply to 3 pages, (3) limit the surreply to requests to strike material in the reply, and (4)

11  file the pleading within five judicial days of the reply brief.  With the exception of the timing of her

12  filing, Plaintiff's pleading violated every one of these requirements.

13  Defendants cite LR 7(d)(3) for the rule that all opposition papers must be filed no later than the

14  Monday prior to the noting date (June 2, 2008),  Since the opinions Plaintiff cited were issued on or

15  after that date, she could not have filed them by then.  But in deference to the local rules, she should

16  have at least requested permission for any filings made past the noting date of the motion.

17  Plaintiff counsel's response to the motion to strike is less than persuasive.  Although Mr.

18  Krafchick acknowledged that he was aware of LR 7(g), he reports that he saw "no proscription on

19  filing a Surreply to respond to argument raised in the Reply..."  and goes on to state that "every so

20  often I have filed surreplies if there was a good reason . . . It helps the understanding of Plaintiff's

21  position and causes no prejudice to Defendants." Response to Mtn to Strike, p. 2.  If all counsel

22  followed this logic, the Court would be subjected a never-ending stream of surreplies, sur-surreplies,

23  sur-sur-surreplies, etc.  The only sensible reading of the rule is that surreplies are limited to requests to

24  strike objectionable material in reply briefing, and that such pleadings must be noticed to the court and

25

26  **ORD ON MTN**
   **TO DISMISS - 7**

1  opposing counsel prior to filing.  Plaintiff's surreply satisfies none of these elements and will be

2  stricken.[3]

3       A party is not precluded from filing additional authority that becomes available after the noting

4  date but before the motion has been ruled on, assuming it is relevant and impacts the substance of the

5  motion.  The defect in these particular pleadings is Plaintiff's submission of them without a single word

6  of explanation or discussion concerning their relevance to the issues before us, leaving the Court to

7  figure out what the relevance of the new opinions might be to the pending matter.  Plaintiff's counsel

8  provided some explanation at oral argument concerning his rationale for citing the new case law.  The

9  Court has reviewed and taken these new cases under advisement, and does not find anything in either

10 opinion which warrants alteration of the underlying ruling.

11 **Conclusion**

12      Plaintiff's ERISA claim is based, at best, on a contract that is only partly written and partly

13 oral.  Therefore it is subject to a 3-year statute of limitations and is not timely filed.  Her remaining

14 claims are barred by a combination of ERISA preclusion provisions, binding legal precedent and

15 statute of limitations problems.  The Court will GRANT Defendants' motion to dismiss.

16

17      The clerk is directed to provide copies of this order to all counsel of record.

18      Dated:  September __26_, 2008

19

20      _____
        Marsha J. Pechman
21      U.S. District Judge

22

23      _____

24      [3]  Plaintiff's counsel also e-mailed the Court following oral argument to provide further response to questioning
        which had occurred during the hearing.  The Court has never countenanced continuations of oral argument via e-mail,
25      and will not do so here.  The material will be stricken and disregarded.

26 **ORD ON MTN**
   **TO DISMISS - 8**